J-S06035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER BRYANT | : | |
| | : | |
| Appellant | : | No. 583 EDA 2021 |

Appeal from the PCRA Order Entered February 22, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004609-2017

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED MAY 24, 2022**

Appellant, Alexander Bryant, appeals from the order entered in the Delaware County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On August 30, 2017, the Commonwealth filed a criminal information charging Appellant with multiple sex offenses related to a 2016 incident involving his girlfriend's granddaughter.  On July 15, 2019, Appellant executed a written guilty plea colloquy.  The colloquy indicated that Appellant would plead guilty to one count of aggravated indecent assault of a child.[2]  Appellant

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 3125(a)(7).

acknowledged that the maximum sentence for this offense was ten (10) years' imprisonment. (*See* Written Plea Colloquy, filed 7/15/19, at ¶23). Appellant also confirmed that he was "fully satisfied with what [plea counsel] has done for me in the past and what [plea counsel] is doing for me today concerning this case." (*Id.* at ¶4).

Also on July 15, 2019, Appellant appeared for a guilty plea hearing. At that time, the prosecutor explained that Appellant's plea was "open," and the parties had not reached any agreement regarding Appellant's sentence. (*See* N.T. Plea Hearing, 7/15/19, at 3). The court proceeded with an oral colloquy with Appellant. The court and plea counsel reiterated that Appellant faced a maximum sentence of ten (10) years' imprisonment, and Appellant confirmed that he understood the maximum penalty. (*Id.* at 6). The court also explained that Appellant's entry of an open guilty plea gave the court the ability to impose a sentence up to the maximum permitted by law. (*Id.*) Again, Appellant confirmed his understanding. (*Id.*)

At the conclusion of the oral colloquy, the court found that Appellant's plea was knowing, voluntary, and intelligent. (*Id.*) Appellant immediately proceeded to sentencing, and the court received a statement from the victim's mother. (*Id.* at 7-10). Thereafter, the court sentenced Appellant to twenty-two (22) to sixty (60) months' imprisonment, followed by five (5) years of state probation. (*Id.* at 11). The court also provided credit for time served. (*Id.*) Following the imposition of sentence, plea counsel made an oral motion

for Appellant's immediate parole. (*Id.* at 12). The court declined this request and noted: "I don't have the authority to enter immediate parole. He is out right now. The state will take care of that." (*Id.* at 13).

On July 25, 2019, Appellant timely filed a post-sentence motion seeking to withdraw the guilty plea. Appellant alleged that he "was under the impression that he was not [going] to get any more [prison] time," yet he had "no idea when a parole hearing will be set or how much more time he will serve, a scenario that he did not contemplate." (Motion, filed 7/25/19, at ¶¶2, 4). Under these circumstances, Appellant concluded that his plea was unknowing. The court scheduled the matter for a hearing. Plea counsel, however, failed to appear at the hearing, and the court denied Appellant's post-sentence motion on September 25, 2019. Appellant did not seek further review with this Court.

On June 16, 2020, Appellant timely filed a PCRA petition through new, private counsel ("PCRA counsel"). Appellant claimed that plea counsel "explicitly told [Appellant] that once he accepted the plea, he would receive credit for time served and would not have to serve any more time in prison." (PCRA Petition, filed 6/16/20, at ¶7). Appellant asserted that he would not have entered the plea if he had known that he could serve any additional time at a state prison. (*See id.* at ¶8). Appellant concluded that plea counsel's ineffectiveness caused him to enter an unknowing plea. (*Id.* at ¶12). Appellant further asserted that plea counsel was ineffective for failing to

appear at the hearing on the post-sentence motion to withdraw the plea. (*Id.* at ¶11).

The PCRA court conducted an evidentiary hearing on February 19, 2021. At the hearing, the court received testimony from Appellant, Appellant's sister, and the district attorney who represented the Commonwealth at the plea hearing. Significantly, Appellant testified that he entered the guilty plea "because I was told by my lawyer that if I pled guilty, I was going home." (*See* N.T. PCRA Hearing, 2/19/21, at 6). By order entered February 22, 2021, the court denied PCRA relief. In its order, the court specifically found that Appellant's testimony from the PCRA hearing was incredible. (*See* Order, filed 2/22/21, at 1).

Despite having private counsel of record, Appellant timely filed a *pro se* notice of appeal on March 16, 2021. On March 30, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The record reveals that the clerk of courts served this order on Appellant only, and it did not serve the order on PCRA counsel. Subsequently, Appellant did not comply with the court's Rule 1925(b) order.[3]

_____

[3] The PCRA court admonished Appellant for failing to file a Rule 1925(b) statement, and it concluded his appellate issues were waived on this basis. (*See* PCRA Court Opinion, filed June 14, 2021, at 3-4). We disagree with the court's conclusion regarding waiver. "A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented." Pa.R.Crim.P. 114(B)(1). Here, despite filing a *pro se* notice of appeal, Appellant was still represented by PCRA counsel when the court
*(Footnote Continued Next Page)*

On June 24, 2021, PCRA counsel filed an application to withdraw representation in this Court. PCRA counsel explained that he was retained for the PCRA proceedings only, and Appellant could not afford to pay for counsel's services on appeal. By order entered July 12, 2021, this Court permitted PCRA counsel to withdraw and directed the PCRA court to determine Appellant's eligibility for court-appointed counsel. If it deemed Appellant eligible, we instructed the court to appoint new counsel for Appellant. On July 22, 2021, the PCRA court found that Appellant is indigent, and it appointed current counsel.

Appellant now raises two issues for our review:

> Whether or not [Appellant] was coerced into entering a plea due to ineffectiveness of his [plea] counsel.
>
> Whether [plea] counsel was ineffective as he did not appear at the scheduled hearing before the court as to a motion that he filed on behalf of his client to withdraw [Appellant's] guilty plea.

(Appellant's Brief at 4).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination

---

issued its Rule 1925(b) order. Thus, we decline to find waiver where the clerk of courts failed to serve PCRA counsel with the Rule 1925(b) order. **See Commonwealth v. Hess**, 570 Pa. 610, 810 A.2d 1249 (2002) (holding appellant could not be penalized for failing to file timely Rule 1925(b) statement where clerk of courts did not comply with mandatory procedures of Rule 114). We also note that no further remand is required because the PCRA court elected to address the merits of Appellant's claims in its Rule 1925(a) opinion.

and whether its decision is free of legal error." ***Commonwealth v. Beatty***, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). This Court grants great deference to the factual findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Brown***, 649 Pa. 293, 196 A.3d 130 (2018). "[W]e review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021).

Appellant's issues are related, and we address them together. Appellant asserts that "a review of the [oral] guilty plea colloquy demonstrates … that he did not understand the ramifications of [the] sentence and the fact that he would have to be paroled by" the state parole board. (Appellant's Brief at 11). Appellant contends his misunderstanding stemmed from plea counsel's assurance that Appellant would be "going home" if he pled guilty. (***Id.***) Due to plea counsel's deficient advice, Appellant maintains that he entered an unknowing guilty plea. Appellant argues that plea counsel compounded this error by failing to appear at the hearing on the post-sentence motion to withdraw the guilty plea. Appellant insists that plea counsel had no rational basis for these decisions, and plea counsel's errors resulted in prejudice. Appellant concludes that this Court must reverse the order denying PCRA relief. We disagree.

"Counsel is presumed to have rendered effective assistance." ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal*

*denied*, \_\_\_ Pa. \_\_\_, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his

client's interests." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1012

(Pa.Super. 2016) (quoting ***Pierce, supra*** at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

***Commonwealth v. King***, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting

***Sandusky, supra*** at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result

of the proceedings would have been different. [A] reasonable probability is a

probability that is sufficient to undermine confidence in the outcome of the

proceeding." ***Commonwealth v. Spotz***, 624 Pa. 4, 33-34, 84 A.3d 294, 312

(2014) (internal citations and quotation marks omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty

plea will serve as a basis for relief only if the ineffectiveness caused [the

defendant] to enter an involuntary or unknowing plea." ***Commonwealth v.***

***Allen***, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999). "In order to make a

knowing and intelligent waiver, the individual must be aware of both the

nature of the right and the risks and consequences of forfeiting it."

***Commonwealth v. Houtz***, 856 A.2d 119, 122 (Pa.Super. 2004) (quoting

*Commonwealth v. Payson*, 723 A.2d 695, 700 (Pa.Super. 1999)).

"To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea." *Allen, supra* at 146, 732 A.2d at 588-89. "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa.Super. 2015) (quoting *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa.Super. 2005)). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa.Super. 2008), *appeal denied*, 600 Pa. 742, 964 A.2d 893 (2009). *See also* Pa.R.Crim.P. 590, *Comment*.

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003). "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." *Id*. at 524.

"[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Id.*** (quoting ***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa.Super. 2002)).

Instantly, the court evaluated Appellant's testimony from the PCRA hearing in light of his prior statements from the oral plea colloquy:

> [The] court conducted an extensive guilty plea colloquy on the record. During the colloquy [Appellant] told the court that he understood that he did not have to plead guilty, but had an absolute right to go to trial protected by the United States Constitution. He also told the court that he understood that if the case went to trial the Commonwealth would have to establish his guilt beyond a reasonable doubt, the heaviest burden of proof under the law. [Appellant] also told the court that no one was forcing or pressuring him to enter the plea, or threatening him in any way. Since [Appellant pled] open, the court advised [Appellant] what that would mean for sentencing….
>
> \* \* \*
>
> At the PCRA evidentiary hearing [Appellant] attempted to walk back his statements during the plea colloquy, testifying that he was just doing what his attorney told him to do so he could go home. However, [Appellant] is bound by the statements made during the plea colloquy, and [he] may not later offer reasons for withdrawing the plea that contradict statements made when he pled. This means that [Appellant] cannot go back now and say that he did not understand the terms of the plea or the rights he waived during the colloquy.

(PCRA Court Opinion at 6-7) (internal citations and quotation marks omitted).

- 10 -

We agree with the court's legal conclusions, which are supported by the record. **See Prater, supra**; **Beatty, supra**.

Although Appellant continues to complain that plea counsel did not adequately advise him about the ramifications of his sentence, the colloquies reveal that Appellant was aware of his rights, he was satisfied with plea counsel's representation, and he was not forced to enter the plea. Appellant is bound by his statements. **See Pollard, supra**. Under the totality of these circumstances, we agree with the PCRA court that Appellant entered a knowing, voluntary, and intelligent guilty plea. **See Allen, supra**. Thus, there is no arguable merit to Appellant's claim that plea counsel's ineffectiveness coerced him into entering the plea.[4] **See Smith, supra**.

Regarding plea counsel's failure to appear at the hearing on Appellant's post-sentence motion, we have already concluded that Appellant entered a

---

[4] Additionally, we note that the record does not indicate why Appellant did not call plea counsel as a witness at the PCRA hearing. Appellant's PCRA petition also did not mention what plea counsel would have testified to at the hearing. At the conclusion of the PCRA hearing, the Commonwealth argued that Appellant is not entitled to relief in the absence of plea counsel's testimony that he lacked a reasonable basis for his actions. We agree with the Commonwealth that Appellant's ineffectiveness claim could also fail on this prong of the test. **See Commonwealth v. Roney**, 622 Pa. 1, 21, 79 A.3d 595, 606-07 (2013), *cert. denied*, 574 U.S. 829, 135 S.Ct. 56, 190 L.Ed.2d 56 (2014) (explaining petitioner offered no affidavit or other evidence as to what trial counsel did or did not investigate; petitioner provided no explanation for absence of affidavit from trial counsel and proffered no evidence as to what actions trial counsel took or failed to take; thus, any assertion that trial counsel had no reasonable basis for failing to recognize or present evidence of alternative suspect was speculative).

knowing, voluntary, and intelligent guilty plea. Consequently, Appellant could not establish a manifest injustice to justify the withdrawal of his plea. **See Pantalion, supra**. Because Appellant's post-sentence motion to withdraw the guilty plea would not have succeeded, Appellant cannot demonstrate any prejudice due to plea counsel's failure to appear at the hearing on the motion. **See Spotz, supra**. On this record, Appellant's ineffectiveness claims fail, and we affirm the order dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2022